**Patrick TOUSSAINT, Appellant,**

v.

**Edward KLEM, Superintendent; the District Attorney of the County of Philadelphia; the Attorney General of the State of Pennsylvania.**

No. 05–1580.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6 April 14, 2005.

Decided May 16, 2005.

Patrick Toussaint, Frackville, PA, pro se.

Thomas W. Dolgenos, Office of District Attorney, Philadelphia, PA, for Edward Klem, Superintendent, the District Attorney of the County of Philadelphia, the Attorney General of the State of Pennsylvania.

Before ROTH, BARRY and SMITH, Circuit Judges.

OPINION

PER CURIAM.

Patrick Toussaint appeals from a District Court order dismissing a motion for bail pending appeal. Because no substantial question is presented, we will summarily affirm. *See* L.A.R. 27.4.

In 1996, Toussaint was convicted of several counts of rape and one count each of kidnaping and involuntary deviate sexual intercourse. He was sentenced to seven to twenty years imprisonment. In October of 2002, Toussaint filed a petition under 28 U.S.C. § 2254 asserting four claims for relief. The District Court denied the petition and Toussaint appealed. On December 21, 2004, we denied a certificate of appealability (COA) and terminated the proceedings. *See Toussaint v. Klem,* C.A. No. 04–2073.

In early 2005, Toussaint petitioned this Court to reconsider the denial of the COA. The petition is still currently pending. Meanwhile, on January 24, 2005, Toussaint moved the District Court for bail pending appeal. The District Court dismissed the motion with prejudice because we denied a COA and the case was closed.[1]

We exercise plenary review over the denial of bail pending appeal. *See United States v. Smith,* 793 F.2d 85, 87 (3d Cir. 1986). Toussaint not only fails to show any "extraordinary circumstances" requiring bail pending appeal, *see Landano v. Rafferty,* 970 F.2d 1230, 1239 (3d Cir.1992) (citations omitted) (providing the standard), but he fails to present any argument even remotely relating to bail.

1. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.

Accordingly, because no substantial question is presented, we will summarily affirm the order of the District Court.